UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Loretta Quick, *on behalf of herself and all others similarly situated*, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Credit Control Services, Inc. d/b/a Credit Collection Services, | : CLASS ACTION COMPLAINT |
| Defendant. | : |

For her Class Action Complaint, Plaintiff Loretta Quick, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Plaintiff, Loretta Quick ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS" or "Defendant").

2.      Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

3.      CCS is a Massachusetts-based debt collection company that self-identifies as "one of the nation's largest and most successful collection firms." *See* https://www.ccsusa.com/usa.html (last visited July 5, 2017).

4.      CCS boasts that it has "invested in facilities and leading edge call center technology that is recognized as best in class" and that its "seasoned strategies manage every facet of account activity, from initial referral through

every step of the escalation process." *Id.*

5.      In its efforts to collect consumer debts through any means necessary, CCS not only uses the above-referenced call center technology to place robocalls to consumers but also other, unrelated non-debtor individuals. These unrelated individuals have not given their telephone number or consent to be autodialed.  CCS uses powerful automated dialing technology capable of extreme invasions of privacy to call these consumers, in violation of the TCPA.

6.      Plaintiff is one such unrelated consumer.  She received automated calls from CCS on her cell phone. The calls were regarding some other person's account.  Plaintiff did not provide CCS her cell phone number or prior express consent to be contacted there.  Moreover, Plaintiff requested that CCS cease calling her, which CCS ignored, and continued calling.  Plaintiff brings this lawsuit on behalf of herself and like-situated consumers for CCS's straightforward violations of the TCPA.

## PARTIES, JURISDICTION AND VENUE

7.      Plaintiff is and at all times mentioned herein was an individual person residing in New London, Connecticut.

8.      CCS is a Massachusetts corporation with an address of 725 Canton Street, Norwood, Massachusetts 02062.

9.      This Court has subject matter jurisdiction under 28 U.S.C. §1331.

10.      Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides here, Defendant regularly conducts business here, and a substantial part of the events giving rise to the claim

occurred here.

## FACTS RELATED TO PLAINTIFF

11.     In the last four years, CCS began placing automated telephone calls to Plaintiff on her cellular telephone at telephone number XXX-XXX-2599, regarding a debt allegedly owed by another person.

12.     CCS called Plaintiff from telephone number 603-570-4413, among other numbers.

13.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

14.     When Plaintiff answered the calls from CCS, he heard a long pause before the calls would be routed to a live agent.  This is indicative of CCS's use of a "predictive dialer," an autodialer under the TCPA.

15.     Plaintiff does not owe a debt to CCS. Plaintiff did not give her number to CCS or permit anyone else to do so. Plaintiff did not provide prior express consent to CCS to autodial her cellular telephone. Accordingly, the automated calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

16.     On the calls, CCS's agents represented to Plaintiff that she was being called regarding another individual's consumer debt.  On multiple occasions, Plaintiff advised CCS that she was not the individual CCS was attempting to reach and requested that CCS cease calling her cell phone.

17.     Nonetheless, CCS continued to place automated calls to Plaintiff's

3

cell phone.

18.     Plaintiff was annoyed, frustrated, and inconvenienced by CCS's

calls.

19.     The telephone number called by Defendant was and is assigned to a

cellular telephone service for which Plaintiff incurs charges for incoming calls

pursuant to 47 U.S.C. § 227(b)(1).

20.     The calls from Defendant to Plaintiff were not placed for "emergency

purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ACTION ALLEGATIONS

A. **The Class**

21.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P.

23(b)(2) and (b)(3) on behalf of the following classes (the "Classes"):

> **TCPA Class: (1) All persons within the United States (2) to whose
> cellular telephone number (3) CCS placed a non-emergency
> telephone call (4) using an autodialer or a prerecorded voice (5)
> within four years of the filing of this Complaint (6) where CCS did not
> have express consent to call said cellular telephone number.**

> **Willful/Knowing Violation Class: (1) All persons within the United
> States (2) to whose cellular telephone number (3) CCS placed a non-
> emergency telephone call (4) using an autodialer or a prerecorded
> voice (5) within four years of the filing of this Complaint (6) after said
> person had advised CCS to cease calling.**

22.     Plaintiff represents and is a member of the Classes.  Defendant and

its employees or agents are excluded from the Classes.

B. **Numerosity**

23.     Plaintiff does not know the exact number of members in the Classes,

but based upon the size and national scope of CCS and the automated nature of

the calls, Plaintiff reasonably believes that the Classes number in the thousands.

24.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

C.  Common Questions of Law and Fact

25.    There are questions of law and fact common to the members of the Classes which predominate over any questions that affect only individual Class members. Those common  questions of law and fact include, but are not limited to, the following:

a.  Whether CCS engaged in a pattern of using an autodialer to place calls to cellular phones;

b.  Whether CCS had prior express consent to place the calls; and

c.  Whether CCS willfully violated the TCPA.

26.    The common questions in this case are capable of having common answers.  If Plaintiff's claims that Defendant routinely placed automated telephone calls and prerecorded voice messages to telephone numbers assigned to cellular telephone services without prior express consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D.  Typicality

27.    As a person who received automated telephone calls from CCS on

5

her cellular phone without having given prior express consent, and who advised CCS to cease calling, Plaintiff asserts claims that are typical of the members of the Classes.

**E.  Protecting the Interests of the Class Members**

28.    Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F.  Proceeding Via Class Action is Superior and Advisable**

29.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

30.    Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I - VIOLATIONS OF THE TCPA

31.    Plaintiff incorporates the foregoing allegations as if fully set forth

herein.

32.     Plaintiff brings this claim on behalf of herself and the Classes.

33.     CCS made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

34.     CCS has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

35.     Each of the aforementioned calls by CCS constitutes a violation of the TCPA.

36.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

38.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer; and

- Defendant placed calls to the Plaintiff and the Class without prior

express consent.

<u>**COUNT II – WILLFUL VIOLATIONS OF THE TCPA**</u>

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     Plaintiff brings this claim on behalf of herself and the Class.

41.     CCS made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

42.     CCS has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

43.     Each of the aforementioned calls by CCS constitutes a willful violation of the TCPA.

44.     Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

45.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

46.     Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- **Defendant knowingly and/or willfully violated the TCPA;**

- **Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Classes;**

- **Defendant willfully placed automated calls to non-debtors such as Plaintiff and the Classes, knowing it did not have prior express consent to do so;**

- **Defendant willfully disregarded non-debtors' requests for it to cease calling; and**

- **It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent.**

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in favor of Plaintiff and the Classes against Defendant for:**

A.  **Statutory damages pursuant to 47 U.S.C. § 227(b)(3);**

B.  **Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;**

C.  **Declaratory relief as prayed for herein;**

D.  **Such other relief as the Court deems just and proper.**

## DEMAND FOR JURY TRIAL

**Plaintiff demands a trial by jury on issues so triable.**

Dated: July 7, 2017

Respectfully submitted,

By:     /s/ Sergei Lemberg
**Sergei Lemberg, Esq. (SL 6331)**
**LEMBERG LAW, LLC**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile: (203) 653-3424**
**Email: slemberg@lemberglaw.com**
**Attorneys for Plaintiff**